BUCHALTER
A Professional Corporation
GLENN P. ZWANG (SBN: 112295)
DAVID GOLDSTEIN (SBN: 319394)
425 Market Street, Suite 2900
San Francisco, CA 94105
Telephone: 415.227.0900
Fax: 415.227.0770
Email: gzwang@buchalter.com
dgoldstein@buchalter.com

Attorneys for ALBERTSON'S LLC

# IN THE UNITED STATES DISTRICT COURT

# THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KFT ENTERPRISES, NO. 1 L.P., a California limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON'S LLC, Delaware limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO.<br><br>**DEFENDANT ALBERTSON'S LLC'S NOTICE OF REMOVAL OF CASE TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>(Los Angeles County Superior Court Case No. 22LBCV00814)<br><br>Complaint Filed: November 16, 2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

Defendant ALBERTSON'S LLC ("Defendant") hereby removes the above-captioned case under 28 U.S.C. §§ 1332, 1441(a), and 1446, originally filed in the Superior Court of the State of California, County of Los Angeles, case number 22LBCV00814 to the United States District Court for the Central District of California.

1. On November 16, 2022, Plaintiff KFT Enterprises, No. 1, L.P. ("Plaintiff") filed a Complaint in the Superior Court of California for Los Angeles County. Plaintiff served the Summons and Complaint on November 30, 2022 when

counsel for Defendant signed and returned a Notice and Acknowledgment of Receipt. True and correct copies of the Summons, Complaint, and other documents served on Defendant are attached to this Notice of Removal as part of the State Court's file as **Exhibit A.**

2. This Notice of Removal is therefore timely filed within the 30-day time period set forth in 28 U.S.C. § 1446(b).

3. Removal jurisdiction is proper based on diversity of citizenship, as set forth below. 28 U.S.C. § 1332.

## VENUE

4. Venue lies in the United States District Court in and for the Central District of California, under 28 U.S.C §§ 1391(a) and (1441(a), because this District Court is the federal judicial district embracing the Los Angeles County Superior Court, where the suit was original filed. 28 U.S.C. § 84(a). Moreover, the subject of Plaintiff's action is a lease for real property located in this District.

## FEDERAL JURISDICTION UNDER 28 U.S.C. § 1332

5. This Court has original jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $ 75,000, exclusive of interest and costs, and the suit is between a Plaintiff citizen of California and a Defendant citizen of Delaware and Idaho.

**The Complaint Meets the Amount in Controversy Requirement**

6. To satisfy the amount in controversy requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014). Similarly, the amount-in-controversy allegation of a defendant seeking federal-court adjudication "should be accepted when not contested by the plaintiff or questioned by the court." *Id.* Thus, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000, exclusive of interest and costs.

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

7. The amount in controversy exceeds $75,000.00 because Plaintiff's Complaint alleges damages not less than the sum of $813,570 on the First Cause of Action and $4,695,781 on the Second Cause of Action. Compl. ¶¶ 30, 32.

### The Complaint Meets the Diverse Citizenship Requirement

8. For diversity purposes, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2009). Likewise, for diversity purposes, "a partnership is a citizen of all of the states of which its partners are citizens." *Id*.

9. For diversity purposes, a person is a "citizen" of the state in he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Further, a party's residence is "prima facie" evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). For purposes of diversity, a corporation is deemed a citizen of: (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). The citizenship of "Doe" defendants, however, is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that, for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); see also *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

10. For diversity purposes, the trustee of a traditional trust "is the real party in interest, and so its citizenship, not the citizenships of the trust's beneficiaries, controls the diversity analysis." *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1231 (9th Cir. 2019). *See, also, Americold Realty Trust v. ConAgra Foods, Inc.,* 577 U.S. 378 (2016). A national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt* (2006) 546 U.S. 303, 307.

11. Plaintiff is a California limited partnership, with its principal place of

business in Los Angeles, California. Compl. ¶ 7. Plaintiff's general and limited partners, upon information and belief, are all traditional trusts. Defendant collected the below information from Plaintiff's initial Certificate of Limited Partnership filing, filed with the Secretary of State of California in 1992, and the four subsequent amendments, three of which were filed in 1993, and the latest filed in 2006. The trusts and their trustees are as follows:

- Kaplan Trust Under the KFT Irrevocable Trust of 1993. The Co-Trustees of this trust are Stuart Kaplan, who, upon information and belief, is domiciled in California, Irwin Harris, who upon information and belief is domiciled in California, and Wells Fargo Bank, National Association, which is headquartered in Sioux Falls, South Dakota, and therefore, is a citizen of South Dakota.

- Harris Trust Under the KFT Irrevocable Trust of 1993. The Co-Trustees of this trust are Stuart Kaplan, who, upon information and belief, is domiciled in California, Irwin Harris, who upon information and belief is domiciled in California, and Wells Fargo Bank, National Association, which is headquartered in Sioux Falls, South Dakota, and therefore, is a citizen of South Dakota.

- Survivor's Trust Under the Charles H. Kaplan Family Trust No. 1 dated March 22, 1974, which Survivors Trust has been amended, restated and renamed the Lillian S. Kaplan Family Trust (1993 Restatement). The Co-Trustees of this trust are Stuart Kaplan, who, upon information and belief, is domiciled in California, Irwin Harris, who upon information and belief is domiciled in California, and Wells Fargo Bank, National Association, which is headquartered in Sioux Falls, South Dakota, and therefore, is a citizen of South Dakota.

- Decedent's Children's Trust Held for the Benefit of Stuart Kaplan Under the Charles H. Kaplan Family Trust No. 1 dated March 22, 1974. Upon

information and belief, the Co-Trustees of this trust are Stuart Kaplan, who, upon information and belief, is domiciled in California, Irwin Harris, who upon information and belief is domiciled in California, and Wells Fargo Bank, National Association, which is headquartered in Sioux Falls, South Dakota, and therefore, is a citizen of South Dakota.

- Decedent's Children's Trust Held for the Benefit of Carolyn Harris Under the Charles H. Kaplan Family Trust No. 1 dated March 22, 1974.  Upon information and belief, the Co-Trustees of this trust are Stuart Kaplan, who, upon information and belief, is domiciled in California, Irwin Harris, who upon information and belief is domiciled in California, and Wells Fargo Bank, National Association, which is headquartered in Sioux Falls, South Dakota, and therefore, is a citizen of South Dakota.

- The Non-Exempt Kaplan Trust Under The Lillian S. Kaplan Family Trust (1993 Restatement) 11620 Wilshire Boulevard, Suite 420, Los Angeles. CA 90025.  The Co-Trustees of this trust are Stuart Kaplan, who, upon information and belief, is domiciled in California, and Northern Trust Bank of California N.A., which is headquartered in Santa Barbara, California, and is therefore a citizen of California.

- The Non-Exempt Harris Trust Under The Lillian S. Kaplan Family Trust (1993 Restatement) 1 1 620 Wilshire Boulevard, Suite 420, Los Angeles, CA 90025.  The Co-Trustees of this trust are Stuart Irwin Harris, who, upon information and belief, is domiciled in California, and Northern Trust Bank of California N.A., which is headquartered in Santa Barbara, California, and is therefore a citizen of California.

12. Therefore, for diversity purposes, Plaintiff is a citizen of California and South Dakota.

13. Defendant is a limited liability company organized in Delaware with its principal place of business located in Boise, Idaho.  Compl. ¶ 8.  Its sole member

is Albertson's Companies, Inc., a corporation organized in Delaware with its principal place of business located in Boise, Idaho. Therefore, Defendant is a citizen of Delaware and Idaho. Complete diversity of parties exists.

14.   Defendant will concurrently file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles and will serve it on Plaintiff contemporaneously. Defendant will serve Plaintiff with copies of the Notice of Removal and the notice filed in State Court.

15.   Defendant has good and sufficient defenses to this action, and does not waive any defenses, jurisdictional or otherwise, by the filing of this notice.

16.   No previous Notice of Removal has been filed or made with this Court for the relief sought herein, and Defendant has not previously sought similar relief.

17.   The removal of this action terminates all potential proceedings in Los Angeles County Superior Court. *See* 28 U.S.C. § 1446(d). Based on the foregoing, Defendant hereby removes this action from the Los Angeles County Superior Court to this Court, and requests that further proceedings be conducted in this Court as provided for by law.

DATED:  December 28, 2022        BUCHALTER
                                 A Professional Corporation

                                 By: _____
                                     GLENN P. ZWANG
                                     DAVID GOLDSTEIN
                                     Attorneys for
                                     ALBERTSON'S LLC